UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

FAUSTINO MORALES MIRANDA,

                          Plaintiffs,              **ORDER ADOPTING REPORT**
                                              **AND RECOMMENDATION**
                 -against-                19-CV-2923(EK)(PK)

ASTORIA PROVISIONS, LLC (d/b/a
ASTORIA PROVISIONS), JOHN PARLATORE,
RICHARD OHRSTROM III, and MANNY DOE,

                          Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

         On May 16, 2019, Plaintiff Faustino Morales Miranda commenced this action against defendants Astoria Provisions, LLC (d/b/a Astoria Provisions), John Parlatore, Richard Ohrstrom III, and Manny Doe alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Although Defendants were served in June 2019, they have failed to appear or respond to the complaint. ECF Nos. 6-8. At Plaintiff's request, the Clerk of Court entered a certificate of default against defendants Astoria Provisions, Parlatore, and Ohrstrom. ECF Nos. 11-13. On December 27, 2019, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for default judgment against these Defendants.[1] ECF No. 15. The Court

---

[1] Plaintiff does not request a default judgment against Manny Doe. See Pl. Br. at 1, ECF No. 20.

referred the motion to Magistrate Judge Peggy Kuo for a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1).

On July 24, 2020, Judge Kuo issued an R&R, ECF No. 21, that recommended granting Plaintiff's motion for default judgment and awarding damages of:

- $3,619.73 in unpaid overtime wages under the NYLL;

- $442.33 in pre-judgment interest on the overtime damages for the period ending on July 24, 2020 (the date of the R&R), and daily interest in the amount of $0.89 per day from July 25, 2020 through the date judgment is entered;

- $3,619.73 in liquidated damages under the NYLL;

- $4,200 in statutory damages for the NYLL wage notice claim;

- $5,000 in statutory damages for the NYLL wage statement claim;

- $1,256.50 in attorneys' fees;

- $618.00 in costs;

- Post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and

- An automatic 15% increase in the total amount of the NYLL judgment "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after the expiration of the time to appeal and no appeal is then pending, whichever is later," pursuant to N.Y.L.L. § 198(4).

Judge Kuo reminded the parties that any objection to the R&R was due within fourteen days of service.  ECF No. 21

(citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).
According to the certificate of service filed on the docket,
Plaintiff served the R&R on Defendants by first-class mail on
July 27, 2020.  ECF No. 22.

In reviewing an R&R, a district court "may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C.
§ 636(b)(1)(C).  The Court reviews for clear error a report and
recommendation to which no objection was made.  *See, e.g.*,
*Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018)
(citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983
amendment).  No party has filed an objection and the time to do
so has passed.  Therefore, the Court has reviewed the well-
reasoned R&R for clear error and, finding none, adopts the R&R
in its entirety.

Two points in the R&R merit a brief analysis here.
First, the Court agrees with Judge Kuo's determination that
Parlatore and Ohrstom were properly served pursuant to N.Y.
C.P.L.R. § 308(2) (requiring a natural person to be served by
"delivering the summons . . . to a person of suitable age and
discretion at the actual place of business" and by mailing the
summons by first-class mail).  In reaching this conclusion, the
Court considered, as Judge Kuo did, that the process server
identified the person served (a co-worker) only by one name —

"Mr. Alex a person of suitable age and discretion."  ECF Nos. 7-8.  This does not, however, prohibit a finding of proper service under New York law.  *See, e.g.*, *Cach, LLC v. Ryan*, 158 A.D.3d 1193, 1194-95 (N.Y. App. Div. 2018) (service was proper where affidavit of service listed first name only); *Monroe Cty. Dep't of Human Servs.-CSEU v. Derrell M.*, 111 A.D.3d 1394, 974 (N.Y. App. Div. 2013) (same); *see also Luna v. Gon Way Constr., Inc.*, No. 16-CV-1411, 2017 WL 835321, at *3-4 (E.D.N.Y Feb. 14, 2017) (service was proper under Section 308(2) where the affidavit identified the person served as "Jane Doe," a co-worker of suitable age and discretion), *R&R adopted*, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017).

Second, the Court also agrees with Judge Kuo's finding that defendant Astoria Provisions is an "employer" pursuant to the FLSA's "enterprise coverage" test.  *See* R&R at 7-8 (citing 29 U.S.C. § 203(s)(1)(A)(i)-(ii)) (requiring the enterprise to be engaged in interstate commerce and to have sales at or over $500,000).  Though Plaintiff's allegation that Astoria Provisions "had a gross annual volume of sales of not less than $500,000," Compl. ¶ 30, ECF No. 1, sounds like a mere recitation of the statutory definition, *see* R&R at 8, it may be accepted as true in the context of a default judgment pursuant to the cases Judge Kuo cited.  *Id.* (citing *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011); *Jones v. E.

4

*Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021, 2012 WL 909830, at
\*2 (E.D.N.Y. Feb. 28, 2012), *R&R adopted*, 2012 WL 909825
(E.D.N.Y. Mar. 16, 2012)).

 The Court has reviewed the remainder of the well-
reasoned R&R and concluded that its recommendations are
supported by law and the facts alleged.

**CONCLUSION**

 Accordingly, the Court adopts Judge Kuo's R&R in full.
Plaintiff's motion for default judgment is granted and the Court
awards damages as follows: $3,619.73 in unpaid overtime wages
under the NYLL; $442.33 in pre-judgment interest for the period
ending on July 24, 2020 (the date of the R&R), and daily
interest in the amount of $0.89 per day from July 25, 2020
through the date judgment is entered; $3,619.73 in liquidated
damages under the NYLL; $4,200 in statutory damages for the NYLL
wage notice claim; $5,000 in statutory damages for the NYLL wage
statement claim; $1,256.50 in attorneys' fees; $618.00 in costs;
post-judgment interest at the rate set forth in 28 U.S.C.
§ 1961; and an automatic 15% increase in the total amount of the
NYLL judgment "if any amounts remain unpaid upon the expiration
of ninety days following issuance of judgment, or ninety days
after the expiration of the time to appeal and no appeal is then
pending, whichever is later," pursuant to N.Y.L.L. § 198(4).

The Clerk of Court is directed to enter judgment and close this case.


        SO ORDERED.


                              /s Eric Komitee
                              ERIC KOMITEE
                              United States District Judge


Dated:     September 30, 2020
           Brooklyn, New York